FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0402

DA 14-0402

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 43

IN THE MATTER OF:

I.T.,

A Youth in Need of Care.

APPEAL FROM:     District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DN-13-03
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Nancy G. Schwartz, N.G. Schwartz Law, PLLC; Billings, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          Robert L. Zimmerman, Sanders County Attorney; Thompson Falls, Montana

Submitted on Briefs:   December 24, 2014
Decided:   February 17, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     R.T. (Mother) appeals from the order of the Montana Twentieth Judicial District Court, Sanders County, terminating her parental rights to I.T, her child.  We affirm.

**ISSUES**

¶2     We review the following issues:

*1. Did the District Court abuse its discretion when it terminated the parental rights of Mother?*

*2. Did the District Court err by considering hearsay evidence?*

*3. Are there equitable grounds upon which relief from the District Court's order should be granted?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3     Mother is the natural mother of I.T., J.T., A.T., and R.T.  Her parental rights to J.T., A.T., and R.T. were terminated on February 25, 2013.  I.T. was born soon thereafter, in May 2013.  Mother admitted to using opiates, benzodiazepam, and marijuana during her pregnancy with I.T. and to using marijuana a short time following I.T.'s birth.  Shortly after birth, I.T. was placed in a neonatal intensive care unit at Kalispell Regional Medical Center for drug withdrawal treatment.

¶4     On June 5, 2013, while I.T. was in the hospital, Mother was arrested for a probation violation.  Mother was subsequently sentenced to the Department of Corrections for five years.  She was placed at the Elkhorn Treatment Center and remained there through the District Court proceedings in the present case.

2

¶5     On June 11, 2013, while I.T. remained in the hospital, the Department of Public Health and Human Services (the Department) petitioned for emergency protective services. This petition was granted on June 17, 2013.  On October 22, 2013, following an investigation by the Department and a hearing, the District Court determined that I.T. was a Youth in Need of Care.  The court temporarily transferred legal custody of I.T. to the Department, and I.T. was placed in foster care.

¶6     On January 30, 2014, following a motion by the Department and a hearing, the District Court ordered that the Department did not need to provide preservation or reunification services for Mother.  It found that Mother's parental rights to I.T.'s siblings were involuntarily terminated and that the conditions rendering Mother unfit in that termination proceeding were unlikely to change.

¶7     On May 27, 2014, after several subsequent hearings, the District Court terminated Mother's parental rights to I.T.  It reasoned that "the circumstances related to the [previous] termination of parental rights [we]re relevant to [Mother]'s ability to adequately care for I.T."

¶8     Mother appeals.

**STANDARD OF REVIEW**

¶9     We review a district court's decision to terminate parental rights for abuse of discretion.  *In re L.N.*, 2014 MT 187, ¶ 12, 375 Mont. 480, 329 P.3d 598.  To satisfy the relevant statutory requirements for terminating parental rights, a district court must make specific factual findings.  *In re T.S.B.*, 2008 MT 23, ¶ 18, 341 Mont. 204, 177 P.3d 429.  We

3

review findings of fact for clear error. *L.N.*, ¶ 12; *T.S.B.*, ¶ 18. We review conclusions of law for correctness. *L.N.*, ¶ 12; *T.S.B.*, ¶ 18.

## DISCUSSION

¶10 *1. Did the District Court abuse its discretion when it terminated the parental rights of Mother?*

¶11 If a court determines that a child is abused or neglected, it may terminate the parental rights of the child's parents. Section 41-3-602, MCA; *In re J.W.*, 2013 MT 201, ¶ 26, 371 Mont. 98, 307 P.3d 274; *see T.S.B.*, ¶ 43. Sections 41-3-601 through -612, MCA, provide the "procedures and criteria" by which such termination may be made. Section 41-3-602, MCA; *J.W.*, ¶ 26. According to these statutes, parental rights can be terminated if it is established by clear and convincing evidence that the parent previously had her parental rights to other children involuntarily terminated under circumstances relevant to her ability to adequately care for the child in question. Sections 41-3-423(2)(e) and -609(1)(d), MCA; *L.N.*, ¶ 23; *T.S.B.*, ¶ 43.

¶12 In this case, while Mother does not contest the District Court's findings that I.T. was abused and neglected or that her parental rights to her other children had been involuntarily terminated, she contends that there was not substantial evidence for the District Court to find that the circumstances of the past terminations were relevant to her ability to care for I.T.

¶13 We have determined that "[c]ircumstances surrounding previous involuntary terminations remain 'relevant,' 'unless the circumstances have changed.'" *J.W.*, ¶ 39 (quoting *In re A.P.*, 2007 MT 297, ¶ 30, 340 Mont. 39, 172 P.3d 105; *In re K.J.B.*, 2007 MT 216, ¶ 36, 339 Mont. 28, 168 P.3d 629). We reasoned that "a parent is not to be afforded

4

multiple chances to remedy the same problems at the expense of an abused or neglected child's welfare." *J.W.*, ¶ 39.

¶14 Here, the District Court's finding that Mother's previous unfit behavior had not changed was not clearly erroneous. It was supported by substantial evidence contained in the record. The previous termination was based primarily on Mother's chemical dependency. During the hearing in the present case, the District Court heard evidence that Mother had not fully addressed these issues. Mother admitted to using various drugs while pregnant with I.T. and to smoking marijuana shortly after I.T.'s birth. Additionally, while there was evidence that Mother had taken steps to address these issues while incarcerated, Mother testified that she had "probably not" addressed her issues sufficiently to overcome the risks of abuse and neglect if I.T. was returned to her care.

¶15 Given such evidence, the District Court's determination that Mother's previous terminations were relevant to the present case was supported by substantial evidence. It was, therefore, not clearly erroneous. Accordingly, the District Court did not abuse its discretion when, relying on the previous terminations, it terminated Mother's parental rights to I.T.

¶16 Mother also argues that the District Court's finding that "the conduct or condition of [Mother] is unlikely to change within a reasonable time" was not supported by substantial evidence. This finding of fact, while relevant to terminating parental rights under the authority of § 41-3-609(1)(f), MCA, was not necessary to terminating Mother's parental rights under §§ 41-3-609(1)(d) and -423(2)(e), MCA. *See L.N.*, ¶¶ 23-25; *T.S.B.*, ¶¶ 43-48. As our decision regarding the District Court's termination using the latter set of statutes is dispositive, we do not consider this argument.

5

¶17   *2. Did the District Court err by considering hearsay evidence?*

¶18   Mother contends that the District Court should not have considered hearsay evidence indicating that she tested positive for cocaine shortly before giving birth. In particular, she argues that her medical records and the testimony concerning the drug test should not have been admitted.

¶19   Assuming arguendo that this argument was properly preserved for appeal and that neither item of evidence was admissible, we are not persuaded that such an error requires reversal of the District Court's order. Instead, even if we disregard the District Court's finding that Mother "tested positive for cocaine," the District Court's finding that the previous termination of Mother's parental rights was relevant to the present case was still supported by substantial evidence. The evidence that Mother used various drugs while pregnant with I.T. and smoked marijuana following I.T.'s birth, and Mother's admission that her improvement was "probably not" enough would still be admissible and, as discussed above, provide substantial evidence for the District Court's findings of fact supporting termination. Any error was harmless and the District Court's order should not be disturbed on this ground. *See In re M.W.*, 2004 MT 301, ¶¶ 27-29, 323 Mont. 433, 102 P.3d 6 (disregarding findings of fact supported by inadmissible evidence and concluding that substantial evidence remained to support the district court's decision to terminate the appellant's parental rights).

¶20   *3. Are there equitable grounds upon which relief from the District Court's order should be granted?*

¶21 Mother argues that the Department should have been required to provide her with a treatment plan. The reasoning she provides is vague and incoherent, but based on some notion of "equitable estoppel." As an initial matter, we note that there is no absolute right to a treatment plan. The Legislature has specified that a treatment plan need not be provided if, for example, the parent has "had parental rights to the child's sibling or other child of the parent involuntarily terminated and the circumstances related to the termination of parental rights are relevant to the parent's ability to adequately care for the child at issue." Sections 41-3-423(2)(e), -609(1)(d), -609(4)(a), MCA; *see In re E.Z.C.*, 2013 MT 123, ¶ 21, 370 Mont. 116, 300 P.3d 1174 (holding that, consistent with § 41-3-609(4)(a), MCA, a treatment plan need not be provided if the parent has subjected a child to one of the circumstances in §§ 41-3-423(2)(a) through (2)(e), MCA). Here, as discussed above, the District Court found that the past termination of Mother's parental rights was relevant to her ability to care for I.T. By the terms of the statute, therefore, a treatment plan was not required. Mother provides no reason why equity demands an exception to the statute in this case.

¶22 Mother makes several other statements that the State should have been equitably estopped from making certain arguments. Beyond conclusory statements, however, Mother provides no reasoning for why such relief should be granted. We are not required to perform legal research or make arguments on a party's behalf. *E.g.*, *State v. Redlich*, 2014 MT 55, ¶ 22, 374 Mont. 135, 321 P.3d 82. Moreover, there is no indication that Mother was wrongfully prejudiced by any of the Department's actions. There is also no indication that Mother was otherwise treated unfairly. For these reasons, we will not disturb the District Court's decision on equitable grounds.

7

**CONCLUSION**

¶23     The District Court did not abuse its discretion by terminating Mother's parental rights to I.T.  Mother's parental rights to I.T.'s siblings had previously been terminated, and the District Court found that this termination was relevant to Mother's ability to care for I.T.  This finding was supported by substantial evidence, even if the evidence Mother claims was improperly admitted is disregarded.  Mother's arguments for relief from the District Court's decision on equitable grounds are not persuasive.  Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE